EDWIN A. LOMBARD, Judge.
| tThis appeal is from a decision of the Civil Service Commission of the City of *999 New Orleans upholding the termination of the plaintiflyappellant, David Lapene, by the New Orleans Police Department (NOPD). After review of the record in light of the applicable law and arguments of the parties, we affirm the decision of the Civil Service Commission.

Relevant Facts and Procedural History

On the evening of February 5, 2008, Damon Tobias was struck in the face in front of the Beach Corner Bar and Grill in the 4900 block of Canal Street in New Orleans. The ensuing investigation revealed that the plaintiff, an off-duty NOPD police officer, was the person who struck Mr. Tobias without provocation or consent. Accordingly, the NOPD suspended him for five days for violation of internal regulations regarding truthfulness, for one day for violation of internal regulations regarding professionalism, and terminated him for violation of internal regulations regarding adherence to the law for committing simple battery. He filed a timely appeal with the Civil Service Commission.
At the hearing on December 1, 2009, the appointing authority (the NOPD) called two fact witnesses, Mr. Tobias and Kesa Holmes, as well as Sergeant Darryl [gWatson, the investigating officer of the NOPD Public Integrity Bureau, and Warren Riley, the Superintendent of Police, NOPD.
Mr. Tobias testified he was certain the plaintiff struck him during the altercation at the Beach Corner Bar and Grill because he was the person closest to him.[1] Ms. Holmes testified that she and a group of RTA co-workers, including Mr. Tobias, were playing pool at the Beach Corner Bar and Grill when a verbal altercation arose. She and her co-workers left the establishment and, as she was standing in front of the building, she observed the plaintiff hit Mr. Tobias in the face. Her immediate reaction was to run down the street to get away from the violence but she subsequently returned to the scene.
Sergeant Darryl Watson of the NOPD Public Integrity Bureau, testified that he investigated the 2008 incident as a result of the complaint filed by Ms. Holmes who stated that she observed a white male with dark spikey hair and a black t-shirt with writing on it strike her friend, Mr. Tobias, as he walked out of the Beach Corner Bar and Grill. Sergeant Watson related that, while at the scene that night, Ms. Holmes pointed Officer Lapene out to police officers who were standing around but “nobody did anything. They just let him walk away.”
Superintendent Warren Riley testified that Ms. Holmes was “100 percent sure” in identifying Officer Lapene in a photographic line-up as the person who struck Mr. Tobias in the face and, accordingly, based on the totality of the circumstances it was his decision to dismiss Officer La-pene.
The plaintiff presented several witnesses at the hearing. Sergeant Sherman Mush-att testified that he was called to the scene as a result of a dispatch and when |she spoke to Ms. Holmes she was unable to provide a description of the person who struck Mr. Tobias. The plaintiff testified that he was standing outside the bar when someone struck Mr. Tobias from behind but that he did not see who threw the punch. The matter was remanded for further testimony from Vernita Rainey, a coworker of Ms. Holmes and Mr. Tobias. Ms. Rainey, although personally served, failed to appear on April 15, 2010, and again on April 29, 2010. On February 21, *1000 2011, the Commission allowed the plaintiff to make her deposition testimony part of the record. In her deposition statement, Ms. Rainey conceded that she was not there- at the time of the incident but declared that Ms. Holmes and Mr. Tobias “didn’t see who hit Tobias” because “[t]hey told me this themselves.”
Based on the record, the Civil Service Commission denied the plaintiffs appeal, finding Ms. Holmes live testimony more credible than the deposition testimony of a witness who refused to testify before the Commission and subject herself to cross-examination. The plaintiff filed this timely appeal.

Applicable Law

The appointing authority (the employer of an employee in the classified civil service) is charged with the operation of his or her department and it is within his or her discretion to discipline an employee for sufficient cause. Joseph v. Department of Health, 389 So.2d 739, 741 (La.App. 4 Cir.1980). Legal cause exists for disciplinary action of an employee in the classified civil service whenever the employee’s conduct impairs the efficiency of the public service in which the employee is engaged. Civil Service Rule 1.5.2.01; Cittadino v. Department of Police, 558 So.2d 1311 (La.App. 4 Cir.1990). The appointing authority has the burden of proving the impairment by a preponderance of the Uevidence. See La. Const. Art. X, § 8(A); Cittadino, supra (appointing authority has the burden of proving by the preponderance of the evidence the occurrence of the complained of activity and that the conduct complained of impaired the efficiency of the public service); see also Saacks v. City of New Orleans, 95-2074 (La.App. 4 Cir. 3/24/1997), 687 So.2d 432, 440 (citation omitted) (the burden of proof in a Civil Service hearing is less than in a criminal proceedings; the facts must be clearly established but need not be established beyond a reasonable doubt).
Based on the facts presented, the Civil Service Commission determines whether the appointing authority has good or lawful cause for taking disciplinary action and, if so, whether the punishment imposed is commensurate with the dereliction. The Civil Service Commission has a duty to decide independently from the facts presented whether the appointing authority has a good or lawful cause for taking disciplinary action and, if so, whether punishment imposed is commensurate with the dereliction. Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984).
A reviewing court should affirm the Civil Service Commission conclusion as to existence or cause for dismissal of a permanent status public employee when the decision is not arbitrary, capricious, or an abuse of the Commission’s discretion. Cit-tadino, supra. “Arbitrary or capricious” is defined as the lack of a rational basis for the action taken. Shields v. City of Shreveport, 579 So.2d 961 (1991). When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review, i.e., when there are two permissible views of evidence, the fact finder’s choice cannot be manifestly erroneous. Saacks, 687 So.2d at 440.

_[¿Discussion

In his appeal to this court, the plaintiff argues only that the Commission was manifestly erroneous in finding Ms. Holmes testimony credible. The plaintiff asserts that “one must only look at the testimony of the witnesses in the case to see that the testimony at the hearing was fabricated” because on the night of the incident the witnesses were unable to iden *1001 tify the plaintiff as the perpetrator. In support of this argument, the plaintiff points to the statements of “Specialist Larry Lafitte and Sgt. Kenneth Kennedy, national guardsmen,” who, according to the plaintiff, “each gave statements that neither Mr. Tobias or [sic] Ms. Holmes were able to identify who struck Mr. Tobias.” In addition, the plaintiff argues that the Commission should have relied on the Ms. Rainey’s statement produced by the plaintiff.
A review of the statements made by Louisiana National Guard Members Larry Lafitte and Kenneth Kennedy, refutes the plaintiff’s assertion. Mr. Kennedy states that the “the female” (apparently Ms. Holmes) described the perpetrator and “even pointed him out as he walked ... [t]hat guy right there; y’all letting him go.” Similarly, Mr. Lafitte stated that the female (again, apparently Ms. Holmes) “was saying that it wasn’t right, that uh I think she pointed out somebody and said that she [sic] had tried to swing the pool stick at her or something.”

Conclusion

The appointing authority clearly sustained its burden of establishing that good cause supports the termination of the plaintiff. Ms. Holmes’s testimony identified the plaintiff as the person who struck Mr. Tobias. In addition, the statements of two members of the National Guard (submitted into evidence by the plaintiff) indicate that Ms. Holmes’ attempts to point out the plaintiff to his fellow Rpolice officers on the scene were ignored. Moreover, the plaintiffs testimony that he (an experienced police officer) was standing next to Mr. Tobias when he was hit but saw nothing and took no action to detain the perpetrator is unconvincing. Accordingly, we do not find that the Commission’s decision to give more weight to Ms. Holmes’ testimony than to the deposition statement of a non-witness arbitrary or capricious.
The decision of the Civil Service Commission is affirmed.
AFFIRMED.

. This testimony, as noted in the Commission decision, was contrary to the victim's consistent statements during the investigation that he did not know who struck him.