TERRI F. LOVE, Judge.
| ¶ This appeal arises from the termination of a New Orleans police officer based upon charges of untruthfulness following the officer’s involvement in and statements made regarding a fatal high-speed automobile pursuit. The Civil Service Commission upheld the officer’s termination. We find that the record established that the Civil Service Commission’s decision to uphold the officer’s termination was not arbitrary or capricious, and affirm.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

New Orleans Police (“NOPD”) Officer Justin Ferris initiated an automobile pursuit after viewing an occupant toss a white powdered substance from the automobile. The pursuit became a high-speed police pursuit down a one-way street and Officer Ferris eventually lost sight of the automobile. However, he regained sight of the suspect automobile after it crashed into another automobile, which was not involved in the high-speed police pursuit. A woman in the uninvolved automobile died as a result of the crash with the suspect automobile.
The NOPD’s Police Integrity Bureau (“PIB”) began an investigation into Officer Ferris’ actions based on four counts of Neglect of Duty. Officer Ferris stated, in his statement taken during the investigation, that he “advised dispatch the vehicle had taken off and the pursuit was terminated.” However, PIB found Officer Ferris’ statement did not correlate with the facts because he did not notify | ¡¡.dispatch or his supervisor that the automobile pursuit was terminated. Thus, Officer Ferris was also charged with one violation of the NOPD’s “Honesty and Truthfulness” policy. Upon completion of the investigation, Officer Ferris received a disciplinary letter, which provided for twenty days of “working day suspension” for each of the four violations of Neglect of Duty and termination from the NOPD based on the charge of untruthfulness.
Officer Ferris then appealed the disciplinary decision to the Civil Service Commission (“CSC”). During the CSC hearing, Officer Ferris “stipulated that he violated internal rules regarding Neglect of Duty, as set forth in the August 31, 2011 disciplinary letter.” As to the charge regarding truthfulness, the CSC found that the “Appointing Authority” did not abuse its discretion in terminating Officer Ferris and denied his appeal. Officer Ferris’ devolutive appeal followed.
Officer Ferris asserts that the CSC’s judgment was legally erroneous, an abuse of discretion, and arbitrary.

STANDARD OF REVIEW

“The decision of the Civil Service Commission is subject to review on any question of law or fact upon appeal to this Court, and this court may only review findings of fact using the manifestly erroneous/clearly wrong standard of review.” Cure v. Dep’t of Police, 07-0166, p. 2 (La.App. 4 Cir. 8/1/07), 964 So.2d 1093, 1094. “When there are two permissible views of evidence, the fact finder’s choice cannot be manifestly erroneous.” Barquet v. Dep’t of Welfare, 620 So.2d 501, 505 (La.App. 4th Cir.1998). “A reviewing court should not reverse a commission conclusion as to the existence or absence of cause for dismissal unless the decision is arbitrary, capricious *803 or an abuse of the commission’s discretion.” Walters v. Dep’t of Police, 454 So.2d 106, 113 (La.1984). “A decision by the Civil Service | ¡¡Commission is ‘arbitrary or capricious’ if there is no rational basis for the action taken by the Civil Service Commission.” Cure, 07-0166, p. 2, 964 So.2d at 1095.
The standard of review requires that we examine “two factors: (1) whether the appointing authority had good or lawful cause for taking the disciplinary action, and (2) whether the punishment imposed is commensurate with the offense.” Hills v. New Orleans City Council, 98-1101, p. 6 (La.App. 4 Cir. 12/9/98), 725 So.2d 55, 58. “Moreover, neither the Commission nor the reviewing court may serve as a de facto pardon board.” Chink Nguyen v. Dep’t of Police, 11-0570, p. 8 (La.App. 4 Cir. 8/31/11), 72 So.3d 939, 944. “ ‘[S]ym-pathy is not a legal standard.’ ” Id., quoting Lange v. Orleans Levee Dist., 10-0140, p. 17 (La.11/30/10), 56 So.3d 925, 936.

HONESTY AND TRUTHFULNESS POLICY

Officer Ferris contends that the CSC committed legal error, abused its discretion, and acted arbitrarily in upholding Officer Ferris’ termination from the NOPD for being found guilty of violating the Honesty and Truthfulness policy. Officer Ferris asserts that his intent to deceive was not proven, that the case presented to the CSC was a “tie,” and that termination was unwarranted.
NOPD officers are required “to be honest and truthful at all times, in their spoken, written, or electronic communications.” The Truthfulness policy “shall apply when an employee makes a materially false statement with the intent to deceive.”
Officer Ferris reviewed the video of the automobile pursuit on the same night of the pursuit. However, Officer Ferris contended that he was unaware that he could review the video prior to giving his statement during the PIB investigation. Officer Ferris informed the CSC that if he knew or thought that he [4failed to inform dispatch that he terminated the automobile pursuit, he would not have stated otherwise to PIB. Officer Ferris insisted that he did not lie, had no motivation to do so, and that he “incorrectly spoke” about terminating the pursuit prior to watching the video during “[t]he middle to the end” of giving his statement to PIB.
Officer Ferris testified, at the CSC hearing, that he did not intend to deceive anyone during the PIB investigation in order to mitigate his punishment. Officer Ferris stated to the CSC that he “genuinely believed that the pursuit had been terminated.” Officer Ferris stated that “everything happened so fast.”
During the CSC’s hearing, Sergeant Andre LeBlanc, who participated in the PIB investigation and took Officer Ferris’ PIB statement, testified that the “Incident Recall” sheet did not reflect that Officer Ferris cancelled the automobile pursuit. Further, Sergeant LeBlanc stated that Officer Ferris did not “notify communications or his supervisor that this pursuit was actually terminated” although Officer Ferris stated that he “advised dispatch the vehicle had taken off and the pursuit was terminated.”
Sergeant LeBlanc determined that Officer Ferris violated the Honesty and Truthfulness Policy based upon statements made during the PIB investigation. Specifically, Officer Ferris admitted to driving down a one-way street in the wrong direction and he falsely stated that he terminated the automobile pursuit. Sergeant LeBlanc stated that after Officer Ferris reviewed the video of the pursuit during *804 his statement to PIB, Officer Ferris admitted that he did not inform dispatch or his supervisor that he terminated the pursuit. Sergeant LeBlanc testified that “[b]ased upon the evidence, my belief is that he intended to mislead me with reference to him terminating the pursuit.” Lastly, Sergeant LeBlanc had “no doubt” that 1 ^Officer Ferris was lying about terminating the pursuit.
Following the hearing, the CSC held that:
[b]ased on the facts contained in the disciplinary letter, the Appellant was clearly inaccurate when he stated that he terminated the pursuit and slowly approached the intersection where the collision occurred. In fact, he neither reduced his speed nor took any other steps that would indicate that his pursuit ever ended. However, a span of less than ten seconds is at issue and it is difficult to discern whether or not the Appellant intended to deceive. Reasonable minds could conclude that this part of his statement was intentionally misleading, though we would have preferred that Sgt. LeBlanc have asked a few clarifying questions regarding what actually happened after he “terminated the pursuit” before showing the Appellant the video....
We find that the Appointing Authority has satisfied its burden of proof, which is preponderance of the evidence, though the question is closer than we would prefer. While giving a statement in an internal investigation, the Appellant made material statements which were not true. The conclusion by the Appointing Authority that Appellant’s assertion that he “terminated the pursuit” was intended to deceive is supported by the evidence, notwithstanding the Appellant’s attempt at hearing to explain and mitigate the impact of the misleading parts of his statement. Therefore, we cannot say that the Appointing Authority abused its discretion by terminating the Appellant.
Officer Ferris stated that he informed dispatch that he terminated the automobile pursuit, when he did not. After reviewing the video of the automobile pursuit, Officer Ferris recanted his statement. Although Officer Ferris attempted to minimize his statement about terminating the pursuit, the appointing authority substantiated by a preponderance of the evidence that Officer Ferris made an untrue statement during the PIB investigation. Thus, we do not find that the CSC was arbitrary and capricious, abused its discretion, or committed legal error in upholding the sustained charge and termination of Officer Ferris. Accordingly, we affirm.
| JJECREE
For the above-mentioned reasons, we do not find that the CSC was arbitrary and capricious, abused its discretion, or committed legal error in upholding Officer Ferns’ termination and affirm.
AFFIRMED.