EDWIN A. LOMBARD, Judge.
|,The Appellant, Lester Royal, seeks review of the July 2, 2018 decision of the Civil Service Commission upholding his termination by the Sewerage and Water Board of New Orleans. Finding that the Civil Service Commission did not err in upholding the termination, we affirm.
Mr. Royal was a Utilities Maintenance Technician II with permanent status with the Sewerage and Water Board of New Orleans (“the Board”). Between January 9, 2012 to July 9, 2012, he submitted a series of allegedly fraudulent doctor’s slips from a dentist, Dr. Donald D. Yuratich (“Dr. Yuratich”), to the Board stating that he had dentist appointments on the dates given and requesting that his absence be excused for said dates. Noticing that all of Mr. Royal’s doctors slips were issued by the same doctor, his supervisor — Debra Griesardt (“Ms. Griesardt”) — called Dr. Yuratich’s office on July 9, 2012, the date of Mr. Royal’s last submitted doctor’s slip[1] , to verify that he was a patient. Ms. Griesardt learned from Dr. Yuratich’s office recording that the office was closed and on vacation for a week.[2] Ms. Gries-ardt as well as another of Mr. Royal’s supervisors visited Dr. |2Yuratich’s office when it reopened. They were advised by Dr. Yuratich and his staff that Mr. Royal was neither a patient of Dr. Yuratich nor had he ever received dental treatment at his office.
The Board held a pre-termination hearing on August 2, 2012, wherein Mr. Royal’s termination was recommended by Todd Hatheway, the Plant Maintenance and Pumping and Power Superintendent, as a result of Mr. Royal’s attempts to obtain paid sick leave by submitting fraudulent doctors’ slips. Mr. Royal attended the pre-termination hearing. Thereafter, the Board terminated Mr. Royal. The Board issued him a termination letter dated August 14, 2012, notifying him that his record was reviewed because of his presentation “of false doctor notifications and ultimately payroll fraud.”[3] Said correspondence further informed him that his termination was effective on August 17, 2012.
Subsequently, Mr. Royal filed an appeal with the Civil Service Commission (“the Commission”), and a Hearing Officer was assigned. After the December 5, 2012 Commission hearing, the Commission denied Mr. Royal’s appeal. This timely appeal followed. Mr. Royal raises two assignments of error on appeal:
1. the punishment of termination is not commensurate with any proven violation, and is inconsistent with the Commission’s policies and those of the Board; and
2. the Board did not provide evidence that the alleged dereliction of duty impaired the efficiency of the service of the Board and thus, did not provide legal cause for the discipline.
Appointing authorities are charged with the operation of their departments *1041 and it is within their discretion to discipline an employee for sufficient cause. Lapene v. Dep’t of Police, 11-0902, p. 3 (La.App. 4 Cir. 1/25/12), 81 So.3d 998, 1000, citing Joseph v. Department of Health, 389 So.2d 739, 741 (La.App. 4 Cir.1980). “Legal cause exists for disciplinary action of an employee in the classified civil service whenever the employee’s conduct impairs the efficiency of the public service in which the employee is engaged.” Id. [citations omitted].
“The appointing authority has the burden of proving the impairment by a preponderance of the evidence.” Id. at pp. 3-4, 81 So.3d at 1000 (citations omitted). Moreover, “[t]he Civil Service Commission has a duty to decide independently from the facts presented whether the appointing authority has a good or lawful cause for taking disciplinary action and, if so, whether punishment imposed is commensurate with the dereliction.” Id. at p. 4, 81 So.3d at 1000, citing Walters v. Department of Police of New Orleans, 454 So.2d 106 (La.1984).
An appellate court should affirm the Commission’s conclusions as to the existence or cause for dismissal of a permanent employee when the decision is not arbitrary, capricious, or an abuse of the Commission’s discretion. Id. [citations omitted]. Furthermore, the standard of review applicable in Civil Service matters is manifestly erroneous or clearly wrong. Ferris v. Dep’t of Police, 13-0202, pp. 2-3 (La.App. 4 Cir. 11/20/13), 129 So.3d 801, 802-03.
In his assignments of error, Mr. Royal argues that the punishment of termination is not commensurate with any proven violation and is inconsistent with the Commission’s policies and those of the Board. He further contends that the Board did not provide evidence that the alleged dereliction of duty impaired the efficiency of the service of the Board; thus, it did not provide legal cause for the discipline. We address Mr. Royal’s assignments of error jointly.
? Royal avers that the Board has promulgated a disciplinary scheme involving progressive discipline as it relates to the use and abuse of an employee’s accrued sick leave. He further argues that the rules of the Board should be used to put into context the proper procedure and disciplinary actions to be taken in similar instances.
Additionally, he argues that termination is too severe a punishment for him as a permanent employee with “an otherwise unblemished disciplinary record”; thus, the discipline is not commensurate with the violations proven or the general principles outlined in the Board’s rules or in the rules of the Civil Service. Lastly, he argues that the record reflects that the Board failed to introduce any evidence demonstrating that the service was prejudiced or otherwise impaired by his actions.
Upon our review of the record, we note Mr. Royal admitted in his testimony before the Hearing Examiner that he submitted fraudulent doctor’s slips at the appeal of his termination, and that he did not treat with Dr. Yuratich on any of the dates listed on the slips he submitted. He further explained that on the dates that he did not appear at work, the dates reflected on the doctor’s slips, he was shopping around for dental services at a certain price-point. He testified that his regular shift for the Board was eight (8) hours. Mr. Royal does not dispute that he used his accrued paid sick leave on the days that he missed work. Furthermore, Mr. Royal does not dispute the Board’s assertion that during the relevant time period he was absent from duty for approximately nine (9) days.
Dr. Yuratich’s office manager, Joycelyn Roussel Smith, testified that she provides *1042 estimates to prospective patients regarding the cost of dental work. She testified that she was not familiar with Mr. Royal and that he was not listed in Dr. Yuratich’s computer system as a patient.
^Additionally, the Board’s termination letter to Mr. Royal indicates that he was terminated pursuant to Rule IX of the Rules of Civil Service Section 1, Maintaining Standards of Service, which provides in pertinent part that termination is an acceptable method of discipline:
[w]hen an employee in the classified service is unable or unwilling to perform the duties of his/her position in a satisfactory manner, or has committed any act to the prejudice of the service, or has omitted to perform any act it was his/ her duty to perform, or otherwise has become subject to corrective action, the appointing authority shall take action warranted by the circumstances to maintain the standards of effective service.
While Mr. Royal argues that his termination is inconsistent with the Commission’s policies and those of the Board, we note that said policies are not included within the record for our review.[4] Moreover, Mr. Royal did specify in his brief specifically which policies of the Commission and Board support his position.
Furthermore, both the Board and the Commission determined that Mr. Royal’s explanation for submitting the fraudulent doctors’ slips and thereby committing payroll fraud, to be implausible. The Commission’s findings of fact cannot be manifestly erroneous where there are two permissible views of the evidence. George v. Dep’t of Fire, 637 So.2d 1097, 1101 (La.App. 4th Cir.1994) [citation omitted].
Mr. Royal’s actions evidence not only that he failed to appear for work and collected paid sick leave, but they further reveal his proclivity for sustained duplicity. His actions reflect that he prejudiced the Board by his unwillingness and | f,failure to perform his duties resulting in the Board’s prolonged loss of his labor as well as its remittance of undue paid sick leave. Such fraud and theft of time and resources warrant the imposition of the extreme penalty of termination[5]; thus, we find that there was adequate legal cause to substantiate Mr. Royal’s termination.
DECREE
For the foregoing reasons, we affirm the termination of Lester Royal.
AFFIRMED.

. This slip purported to excuse Mr. Royal from work for dental treatment from July 9, 2012 to July 12, 2012.

. Ms. Griesardt testified to these facts contained herein at the Commission hearing of December 5, 2012, before the Hearing Examiner.

.The Board avers that Mr. Royal obtained paid sick leave as a result of his submission of the forged doctor's slips.

. Mr. Royal attached the some attendance policies of the Board to his brief; however, these policies were not in the record before the Commission. Therefore, we decline to consider them.

. Dismissal from permanent employment is the most extreme form of disciplinary action that can be taken against a classified or city employee. Hills v. New Orleans City Council, 98-1101, pp. 6-7 (La.App. 4 Cir. 12/9/98), 725 So.2d 55, 58, writ not considered, 99-0954 (La.4/30/99), 741 So.2d 6.