JEROME THOMAS      *      NO. 2021-CA-0206

VERSUS      *

     COURT OF APPEAL

NEW ORLEANS PUBLIC      *
LIBRARY      FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPEAL FROM
CITY CIVIL SERVICE COMMISSION ORLEANS
NO. 9020

* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Rosemary Ledet)

Michael J. Laughlin
ASSISTANT CITY ATTORNEY
Donesia D. Turner
SENIOR CHIEF DEPUTY CITY ATTORNEY
Churita H. Hansell
CHIEF DEPUTY CITY ATTORNEY
Elizabeth Robins
DEPUTY CITY ATTORNEY
Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112

       COUNSEL FOR DEFENDANT/APPELLANT

       **AFFIRMED**

       **OCTOBER 6, 2021**

This appeal is taken from the Civil Service Commission's reversal of Jerome Thomas' five-day suspension. For the reasons that follow we affirm.

## *Facts*

At the time of the incidents in question, Mr. Thomas was an Equipment Operator for the New Orleans Public Library ("NOPL" or "Appointing Authority"). His job duties included driving trucks to pick up and deliver materials to and from NOPL branches. Mr. Thomas and a co-worker were normally assigned to a large truck to perform these job duties. On April 10, 2019, that large truck was inoperable. Mr. Thomas' direct supervisor, Brian Henderson, NOPL Building and Repair Supervisor in its Maintenance Department, requested Mr. Thomas and his co-worker each drive a smaller truck, splitting the delivery route. Mr. Thomas objected, insisting that making the deliveries was a two-person job. In response to the objection, Mr. Thomas and his co-worker were allowed to drive together in a small truck making deliveries to half of the route. On that date, Mr. Henderson drove the other small truck and serviced the remaining half of the route.

1

Later, Mr. Henderson reduced to writing a directive declaring that in the event the large truck is out of commission, Mr. Thomas and his co-worker would each drive one of the smaller trucks and divide the route. When presented with the document, Mr. Thomas refused to sign.

Again, on April 17, 2019, the large truck was inoperable. On that day, Mr. Henderson's supervisor, Don Banaster, NOPL's facility manager directed Mr. Thomas to take the smaller truck and one half of the route. Mr. Thomas declined to follow Mr. Banaster's instruction. Thereafter, the incident was brought to the attention of Interim Director of NOPL, Jessica Styrons. Ms. Styrons issued a disciplinary letter to Mr. Thomas, suspending him for five working days for insubordination and neglect of duty. That disciplinary action was appealed by Mr. Thomas. On appeal, the Civil Service Commission ("Commission") reversed the suspension. This appeal followed.

### *Assignment of Error*

In this appeal, the NOPL maintains that the Commission abused its discretion when it reversed Mr. Thomas' five-day suspension finding that Mr. Thomas' actions did not impair the efficient operation of the NOPL.

### *Discussion*

The appointing authority, in this case the NOPL, is charged with the operation of its department and has the discretion to discipline an employee for sufficient cause. La. Const. art. X, § 8(A); *Lapene v. Department of Police*, 11-0902, p. 3 (La.App. 4 Cir. 1/25/12), 81 So.3d 998, 1000. Legal "cause" to

discipline an employee exists when the conduct is prejudicial to the public service involved or detrimental to its efficient operation. *Bannister v. Dep't of Streets*, 95-0404, p. 8, (La. 1/16/96), 666 So.2d 641, 647; *Walters v. Dep't of Police City of New Orleans*, 454 So.2d 106, 113 (La.1984). The appointing authority must prove by a preponderance of the evidence that the complained of conduct impaired the efficient operation of the public service. La. Const. Art. X, § 8(A); *Lapene*, 11-0902, pp. 3-4, 81 So.3d at 1000.

In June, 2019, a hearing was conducted, where the testimony of Mr. Thomas, Mr. Banaster, Mr. Henderson, and Ms. Styons was presented. All of the testimony was consistent with the facts that were detailed in Mr. Thomas' Notification of Suspension. Mr. Banaster and Mr. Henderson expressed their concerns regarding the efficiency of having two drivers in one small truck because it required the truck to return to the main branch to pick up the deliveries for the remaining half of the route. During Mr. Thomas' testimony it was established that he had previously made deliveries by himself and found it to be too physically taxing. Those previous experiences are what lead to his objection of doing the job on alone moving forward. Ultimately, a compromise was reached where when the larger truck was inoperable, Mr. Thomas and his co-worker would each drive one of the smaller trucks and follow each other to assist with the deliveries while servicing the entire route without the need to return to the main branch in between.

Subsequent to the hearing, the hearing examiner issued a report finding that the appointing authority established sufficient cause for the discipline issued.  The Commission disagreed.  After a review of the record, the Commission recognized the complained of conduct occurred, but also found that the NOPL failed to prove that the conduct complained of impaired the efficiency of the public service.  The Commission determined that it was erroneous, under these circumstances, for the NOPL to equate efficient operation with the speed in which the job could be completed without taking into account the potential for physical injury.  Specifically, the Commission found Mr. Thomas' testimony demonstrated that the deliveries were a two-person job.  For those reasons, it found no legal cause for the discipline and reversed Mr. Thomas' suspension.

In *Mathieu v. New Orleans Public Library,* 2009-2746 (La. 10/19/10), 50 So.3d 1259, the Supreme Court discussed the standard for appellate review of the Commission's disciplinary decisions stating:

> Appellate courts reviewing civil service disciplinary cases are presented with a multifaceted review function. Initially, deference should be given to the factual conclusions of the civil service commission. A reviewing court should apply the clearly wrong or manifest error rule prescribed generally for appellate review. Then, the court must evaluate the commission's imposition of a particular disciplinary action to determine if it is both based on legal cause and is commensurate with the infraction; the court should not modify the commission's order unless it is arbitrary, capricious, or characterized by abuse of discretion. "Arbitrary or capricious" means the absence of a rational basis for the action taken; "abuse of discretion" generally results from a conclusion reached capriciously or in an arbitrary manner.

*Mathieu,* 2009-2746, pp. 5-6, 50 So. 3d at 1262-63. (citations omitted).

4

The Commission's findings are sufficiently supported by the testimony given at the hearing, and are not manifestly erroneous or clearly wrong. Accordingly, the Commission's action in reversing Mr. Thomas' suspension was rationally based and was not an abuse of discretion or arbitrary and capricious. For these reasons, the Commission's decision is affirmed.

**AFFIRMED**